## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WIN SHWE HLAING, ) | |
| ) | |
|    Petitioner/Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| CHRISTOPHER WRAY, Director ) | |
| Federal Bureau of Investigation, ) | |
| ) | |
| L. FRANCIS CISSNA, Director ) | |
| U.S. Citizenship and Immigration Services, ) | |
| ) | |
| KIRSTJEN M. NIELSEN, Secretary ) | **COMPLAINT FOR** |
| U.S. Department of Homeland Security, ) | **MANDAMUS AND** |
| ) | **DECLARATORY JUDGMENT** |
| CARMEN WHALING, ) | |
| Field Office Director ) | Civil Action No. 18-cv-01396 |
| U.S. Citizenship and Immigration Services ) | |
| Buffalo Field Office, ) | |
| ) | |
|    Respondents/Defendants. ) | |

The Plaintiff WIN SHWE HLAING by counsel, alleges against the Defendants, L. FRANCIS CISSNA, Director, U.S. Citizenship and Immigration Services ("USCIS"); KIRSTJEN M. NIELSEN, Secretary, U.S. Department of Homeland Security ("DHS"); and CARMEN WHALING, Field Office Director, USCIS, Buffalo Field Office; CHRISTOPHER WRAY, Director, FBI, as follows:

## I.     INTRODUCTION

1.      This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to adjudicate the Win Shwe Hlaing's Application to Adjust Status to Lawful Permanent Resident (I-485) without further delay.

2.      Win Shwe Hlaing was granted refugee status in the United States on April 26, 2013 and arrived in the country on June 27, 2013. He properly filed an adjustment of status application with USCIS, which USCIS received on July 16, 2014. Win Shwe Hlaing's application remains within the jurisdiction of the Defendants, who have improperly withheld action on the application for an unreasonable period of time to the detriment of Win Shwe Hlaing.

## II.     JURISDICTION

3.      This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

4.      Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). *See Kim v. Ashcroft*, 340 F. Supp. 2d 384, 390 (S.D.N.Y. 2004) (finding that the district court has jurisdiction under the APA, in conjunction with

28 U.S.C. § 1331, to review plaintiff's complaint of an unreasonable delay in the adjudication of his adjustment application in violation of the APA); *Bondarenko v. Chertoff*, No. 07-MC-00002, 2007 WL 2693642, at \*10 (W.D.N.Y. Sept. 11, 2007) (finding that "USCIS has a non-discretionary duty to adjudicate Form I-485 applications" and that "[subject matter] jurisdiction exists under the APA in conjunction with 28 U.S.C. § 1331.").

5.   Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" This action is not seeking a review of a judgment regarding the granting of relief from removal. It is not seeking a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security. This action is to compel adjudication of a properly filed adjustment of status application, therefore the Court retains original mandamus jurisdiction over this claim. *Bondarenko*, 2007 WL 2693642, at \*4, \*7 (holding that "[b]ecause petitioner's request to compel an adjudication does not involve review of a "judgment," § 1252(a)(2)(B)(i) does not preclude judicial review" and that the court's "review of petitioner's claim that USCIS has improperly delayed processing of his application is not barred by § 1252(a)(2)(B)(ii)."); *see Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to

decide at all."); *Kim*, 340 F. Supp. 2d at 389 ("Whether to adjudicate an adjustment application is not discretionary"); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application."). Numerous federal district courts have ruled that adjudication of a properly filed adjustment of status application, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. *See, e.g.*, *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540 (S.D.N.Y. 2008); *Shahid Khan v. Scharfen*, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009); *Han Cao v. Upchurch*, 496 F. Supp. 2d 569, 573 (E.D. Pa. 2007) ("While 8 U.S.C. § 1255(a) specifically places the decision of whether to adjust status in the discretion of the Attorney General, it says nothing about the pace of such a decision, and certainly does not confer on the Attorney General discretion to let such a petition languish indefinitely."); *Jones v. Gonzales,* Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

6.     Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . *shall* be interviewed by an immigration officer." 8 C.F.R. § 245.6 (emphasis

added). The regulations further provide that "the applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i) (emphasis added). The language of the statute and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the applications for adjustment of status pending before them. *See Bondarenko*, 2007 WL 2693642, at *9 ("USCIS does have a non-discretionary duty to adjudicate applications within a reasonable time."). As set forth below, the delay in processing Win Shwe Hlaing's properly filed application for adjustment of status is unreasonable.

### III.   VENUE

7. Venue is proper under 28 U.S.C. § 1391(e)(1)(C) because the Defendants in this action are officers or employees of the United States acting in their official capacity and because Plaintiff Win Shwe Hlaing resides in Buffalo, New York and the action does not involve real property.

### IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. No exhaustion requirements apply to Win Shwe Hlaing's complaint for a Writ of Mandamus. Win Shwe Hlaing is owed a duty: the adjudication of his properly filed application to adjust status, which has been duly filed with USCIS. The Defendants have unreasonably delayed and failed to adjudicate Win Shwe Hlaing's application for more than 4 years. Win Shwe Hlaing has no other adequate remedy available for the harm he seeks to redress – the failure of USCIS to process his application to adjust status in a timely manner.

## V.    PARTIES

9.    Win Shwe Hlaing resides at 12 Oregon Place, Buffalo, NY 14207. He was born in Myanmar (Burma) in 1976. His Alien Registration Number is A-212606875.

10.    The Defendants are charged by law with the statutory and regulatory obligation to perform background security checks and determine eligibility for adjustment of status to lawful permanent resident, pursuant to INA §§ 103 and 245, 8 U.S.C. §§ 1103 and 1255, and 8 C.F.R. §§ 245.2(a)(5)(i) and 245.6.

11.    USCIS received Win Shwe Hlaing's application for adjustment of status on July 16, 2014. USCIS is the agency of DHS responsible for adjudicating adjustment of status applications under the INA and has the sole authority to do so, pursuant to 8 C.F.R. § 245.2(a)(1) (requiring any alien who believes he meets the eligibility requirements of § 245 to apply to the director having jurisdiction over his place of residence).   The FBI assists USCIS adjudicate adjustment of status applications by conducting security checks on applicants and/or providing information to USCIS on applicants.

12.    The Defendant L. Francis Cissna is sued in his official capacity as Director of USCIS, a United States federal agency.

13.    The Defendant Kirstjen M. Nielsen is sued in her official capacity as Secretary of DHS, a United States federal agency.

14.    The Defendant Carmen Whaling is sued in her official capacity as Director of the USCIS Buffalo Field Office, a United States federal agency.

15.    The Defendant Christopher Wray is sued in his official capacity as Director of the FBI, a United States federal agency.

## VI.   FACTS AND PROCEDURAL HISTORY

16.   Win Shwe Hlaing was born in the town of Kyauktaw in the Rakhine[1] State of Myanmar (Burma) in 1976.

17.   Because of the government military presence in the Rakhine State, military units moving through the area commonly forced local residents to give them food and goods.

18.   Win Shwe Hlaing's parents, who owned a rice processing plant, had given into requests for goods in the past to avoid conflict with the military. But when a military unit had asked for more rice than his family could spare, Win Shwe Hlaing's father refused and was struck by a soldier with the butt of a rifle. Win Shwe Hlaing confronted the soldiers and was hit himself.

19.   After the incident, Win Shwe Hlaing went back to his home and went to the hospital with his mom to attend to his wounds. They returned home to find his father had been taken by the military. Win Shwe Hlaing's family has not seen their father again.

20.   Later, Win Shwe Hlaing's mother had noticed that a group of soldiers had returned to their property at night. Fearing for her son's life, she told him to run away to seek safety.

21.   In 2001, Win Shwe Hlaing fled to Malaysia where there is a large Rakhine refugee population. Once in Malaysia, he connected with an organization called the Arakan Refugee Community that applies for refugee status through the United Nations for groups of individuals from the Arakan ethnic group.

22.   He lived in Malaysia for 12 years, during which he worked in a factory, restaurants, and other jobs while he applied for refugee status.

---

[1] Rakine State was formerly known as Arakan State. The Arakan ethnic group referenced below is from this area.

23.   He was granted refugee status by DHS on April 26, 2013, at which point he travelled to the United States, arriving on June 27, 2013.

24.   Win Shwe Hlaing is currently employed as an ambulette driver with Great Lake Transportation, where he assists the elderly and disabled get to and from their medical appointments. He loves his job and the clients he serves.

25.   He is a law-abiding individual, and has never been arrested, charged, or convicted of any crime.

26.   Ready to take the next step toward becoming an American, Win Shwe Hlaing filed his I-485 application for adjustment of status with USCIS on July 16, 2014, more than 4 years ago, based on the refugee status he obtained on April 26, 2013. See INA § 209(b), 8 U.S.C. § 1159(b).

27.   USCIS completed biometrics processing when they fingerprinted Win Shwe Hlaing on August 21, 2014.

28.   He has not been scheduled for or appeared at an in-person interview with USCIS in the more than four years since his application has been pending.

29.   The application is currently pending at the USCIS Buffalo Field Office, and/or is waiting on the FBI to complete security checks on Win Shwe Hlaing.

30.   USCIS's published estimated processing time for an I-485 application is 7 to 16.5 months; the adjudication of this adjustment application clearly extends far beyond USCIS's normal processing timeframe. USCIS, *Check Case Processing Times*, https://egov.uscis.gov/processing-times/ (last visited December 2, 2018).

31.   Win Shwe Hlaing has made numerous in-person status inquiries with USCIS over the past 4 years that his I-485 application has been pending. On July 30, 2018, he was told at a

meeting with a USCIS officer at an Infopass appointment that, as he had been told previously, his I-485 application was still pending due to 'security checks.'

32. Win Shwe Hlaing is eager to obtain lawful permanent resident status, and the lengthy delay by the Defendants in adjudicating his application is of great concern to him because it harms his ability to apply for citizenship, his reputation, and his employment opportunities.

## VII.   CAUSES OF ACTION

33. Win Shwe Hlaing is entitled to adjust his status to lawful permanent resident pursuant to INA § 209, 8 U.S.C. § 1159 as a refugee who has applied for adjustment of status, has been physically present in the United States for at least one year after being granted refugee status, continues to be a refugee, is not firmly resettled in any foreign country, and is admissible as an immigrant. He is prepared to present all necessary evidence establishing that he is not inadmissible under INA § 212(a).

34. The Defendants have all the information they requested from Win Shwe Hlaing to determine his eligibility for adjustment of status. However, USCIS has continued to delay and refuse to adjudicate Win Shwe Hlaing's application to adjust status for more than 4 years, thereby depriving him of his right to a decision on his immigration status.

35. The Defendants' inaction in Win Shwe Hlaing's case has prevented and delayed him from applying for U.S. citizenship.

36. The Defendants' inaction has caused stress, expense, and hassle for Win Shwe Hlaing because although he wants to change jobs to make a better living as a line-haul trucker, the line-haul trucking companies he applied to will not hire him without first having LPR status.

37.     The Defendants' inaction has also harmed Win Shwe Hlaing's reputation among potential
        employers because when they ask what his immigrant status is, they are suspicious that his
        application for LPR has been processing for more than four years.

## COUNT 1
## Writ of Mandamus

38.     Win Shwe Hlaing has a clear right to have his application adjudicated, USCIS has a clear
        duty to adjudicate his application, the FBI have a clear duty to perform background checks
        on applicants, and Win Shwe Hlaing has no other adequate remedy available.

39.     The Defendants owe Win Shwe Hlaing a duty to adjudicate his I-485, pursuant to the INA
        and its implementing regulations, and have unreasonably failed to perform that duty. *See,
        e.g.*, *Koren v. Chertoff*, No. 3:07CV157 PCD, 2007 WL 1431948, at *7 (D. Conn. May 14,
        2007) ("Since CIS'[s] obligation to adjudicate adjustment of status applications is clearly
        prescribed, the failure to do so within a 'reasonable' period of time triggers mandamus
        jurisdiction in federal court."). Win Shwe Hlaing has no alternative means to obtain
        adjudication of his I-485 adjustment application, and his right to issuance of the writ is
        "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271,
        289 (1988); *Bondarenko*, 2007 WL 2693642, at *9 ("USCIS does have a non-discretionary
        duty to adjudicate applications within a reasonable time."); *Koren*, 2007 WL 1431948, at
        *7 (holding that the "obligation to adjudicate adjustment of status applications is clearly
        prescribed.").

40.     Win Shwe Hlaing has fully complied with all of the statutory and regulatory requirements
        for seeking adjustment of status, including submission of all necessary forms and
        supporting documents.

41.   USCIS has unreasonably failed to adjudicate Win Shwe Hlaing's application to adjust status for over 4 years, thereby depriving Win Shwe Hlaing of his rights under INA § 209, 8 U.S.C. § 1159 to have his application adjudicated. *Alkeylani v. Dep't of Homeland Sec.*, 514 F. Supp. 2d 258, 265 (D. Conn. 2007) ("Because USCIS's obligation to adjudicate adjustment of status applications is clearly prescribed, the failure to do so within a 'reasonable' period of time constitutes 'an agency['s] fail[ure] to take a *discrete* action that it is *required to take,*' . . . thereby triggering mandamus jurisdiction in federal court." (alteration original) (citation omitted). The FBI has contributed to USCIS' delay by unreasonably failing to complete security checks on Win Shwe Hlaing.

42.   The Defendants continue to allow the application to languish indefinitely, in violation of its duty, forcing Win Shwe Hlaing to resort to the Court for relief. He is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## COUNT 2
## Administrative Procedure Act

43.   Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

44.   The Court's intervention is also appropriate because the Defendants have failed to act on the application within a reasonable period of time, in violation of the APA. *American Academy of Religion v. Chertoff*, 463 F.Supp.2d. 400, 420 (S.D.N.Y.2006) ("Where the agency in charge of the adjudication fails to render a decision within a reasonable period

of time, as required by § 555(b) [of the APA], the Court has the power to grant a writ of mandamus compelling an adjudication.").

45.     In particular, the FBI has contributed to the delay in adjudicating Win Shwe Hlaing's application because they have failed to complete 'security checks' on Win Shwe Hlaing in a reasonable time, or have delayed the transfer of information to USCIS that is relevant to Win Shwe Hlaing's case. USCIS references the 'security checks' as the reason they have failed to yet adjudicate the application.

46.     USCIS's delay for more than 4 years in adjudicating Win Shwe Hlaing's pending I-485 application is well beyond the USCIS' own published processing timeframe for such an application. This is an unreasonable amount of time for the FBI to take to make a 'security check,' or for USCIS to take to adjudicate an I-485. *See, e.g.*, *Alkeylani.*, 514 F. Supp. 2d at 258 ("the Court still cannot consider it reasonable that it has taken the Defendants more than three years in Plaintiffs' case to complete their FBI name checks."); *Kim*, 340 F. Supp. 2d at 384 (refusing to dismiss a claim that a "42-month delay in adjudicating [an immigrant's] application for adjustment of status following his marriage to United States citizen was unreasonable, in violation of requirement of the APA.).

47.     Win Shwe Hlaing is entitled to action on his long-pending adjustment of status application, because an unreasonable amount of time has passed since his application was filed. The Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of Win Shwe Hlaing.

48.     The Defendants' delay is without justification and has forced Win Shwe Hlaing to resort to this Court for relief, and Win Shwe Hlaing is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## VIII.  <u>PRAYER FOR RELIEF</u>

WHEREFORE, Win Shwe Hlaing prays that this Court:

1. Compel the Defendants and those acting under them to take all appropriate action to adjudicate Win Shwe Hlaing's I-485 Application to Adjust Status without further delay;

2. Grant attorney's fees and costs of court to Win Shwe Hlaing under the EAJA;

3. Grant such other and further relief as this Court deems proper.

Respectfully submitted this 3rd day of December, 2018.

WIN SHWE HLAING

*By counsel,*

/s/ A. Nicole Hallett

A. Nicole Hallett,
    Supervising Attorney
Rob Neill,
Alexander Buszka,
    Student Attorneys

COMMUNITY JUSTICE CLINIC
University at Buffalo School of Law
507 O'Brian Hall
Buffalo, NY 14260-1100
(716) 645-3193
nicole@buffalo.edu

*Counsel for Plaintiff*